HOLMES, Judge.
This is a divorce case.
The trial court divorced the parties, ordered the husband to pay child support, and made a division of certain property. The husband, through able counsel, appeals contending the trial court abused its discretion in the award of child support and the division of property. We find no such abuse of discretion as to require reversal.
Viewing the record with the attendant presumption of correctness, the record in pertinent part reveals the following: The parties were • married for approximately seven years. The wife had a daughter by a previous marriage which the husband *861 adopted. The child is not in the best of health. While the record is not a paragon of clarity as to the amount of money the husband earned, there is testimony from the wife that he earned $700 a week. In addition to this testimony, the record indicates that the husband is engaged in an ongoing trucking business with his brother.
After an ore tenus hearing the trial court awarded custody of the daughter to the wife. The husband was required to pay $50 per week child support and one-half of the child’s medical expenses.
The wife was awarded a 1978 automobile. However, the wife was required to pay the indebtedness thereon. Additionally, the wife was awarded one-half of a certificate of deposit purchased during the marriage. Put another way, the wife was awarded $9,202. No periodic alimony was awarded the wife.
The husband contends in brief that the certificate of deposit was purchased by the husband from money he received from the sale of a certain piece of real estate. This property was owned by the husband prior to the marriage. The husband therefore argues that since the wife made no contribution in acquiring the property and hence the certificate of deposit, she is not entitled to any amount upon divorce. Additionally, the husband contends the amount of child support is excessive.
As this court and our supreme court have stated on numerous occasions, a division of property and amount of child support are matters within the sound discretion of the trial court and are not to be reversed on appeal absent a manifest abuse of discretion. Goodman v. Goodman, Ala.Civ.App., 366 So.2d 281 (1979); 8 Ala.Digest Divorce <§=> 286(5) and @=>296.
Here, in this instance, with the facts as indicated above in mind, we cannot say the trial court so abused its discretion as to require reversal, either in the award of child support or in the division of property.
Regarding the amount of child support, the sum of $50 per week is not excessive when consideration is given to the amount of the husband s income coupled with the needs of the child.
As to the division of property, this court cannot say there was such an abuse of discretion requiring reversal, particularly considering the fact that no periodic alimony was awarded.
The wife has requested an attorney’s fee for representation on appeal. A fee of $500 is awarded.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.