This is a divorce case.
On April 30, 1982 Martha Anne Masucci filed a divorce complaint in the Madison County Circuit Court. She alleged as the sole ground for relief that her husband, Robert J. Masucci, had committed adultery. She requested that the court award to her the marital homeplace and personal property, periodic alimony, alimony in gross, and attorney fees. The wife also asked that the husband be ordered to pay the home mortgage indebtedness. A motion for possession of the homeplace, alimony, and attorney fees pendente lite was filed with her complaint. She subsequently amended her complaint to include a request that the husband continue to maintain hospital and medical insurance coverage for her.
The husband filed an answer and counterclaim in which he sought a divorce on the ground of mental cruelty. He requested that the court order the jointly owned real estate be sold and the proceeds used to pay the parties' debts, that certain personal property be returned to him, and that each party be allowed to retain the automobile in each party's possession and the debt owed for each automobile be assumed by the party in possession.
The court on June 3, 1982 entered a pendente lite order which gave the wife exclusive possession of the homeplace and ordered the husband to make the mortgage payments, utility payments, and basic telephone service payments. Robert J. Masucci was also ordered to keep the wife as a dependent on his hospital and medical insurance plan.
After an ore tenus trial, the court on September 29, 1982 entered a judgment of divorce for incompatibility. Prior to the trial the parties stipulated incompatibility as the ground for divorce. In the final decree the wife was awarded all the household furniture, the silver, a diamond bracelet, a 1978 Mercury Monarch automobile, and $425 per month as permanent and periodic alimony. The court ordered that the house be sold by private sale within ninety days and the proceeds from the sale be used for the payment of all debts incurred by the parties during their marriage except for the debts secured by the husband's automobiles. The balance of the proceeds are to be divided equally between the parties. No attorney fees were awarded to the wife. The wife filed a motion for new trial. After a hearing on the motion, the motion was denied.
The wife brings this appeal and raises three issues. The first issue raised is whether the trial court erred by failing to award a sufficient amount of periodic alimony.
First, we note that a decree rendered upon an ore tenus hearing is presumed correct and will not be set aside unless the decree is unsupported by any credible evidence and is plainly and palpably wrong. McClain v. Department of IndustrialRelations, 405 So.2d 34 (Ala.Civ.App. 1981). Secondly, the award of alimony and the division of property are matters within the trial court's discretion and will not be revised or reversed by this court absent a showing of plain and palpable abuse of that discretion. Dennis v. Dennis, 383 So.2d 187
(Ala.Civ.App. 1980).
The wife correctly asserts in brief that in setting the award of alimony and the division of property the factors to be considered are:
 "[T]he length of marriage; the source of their common property; the parties' ages, sex and health; the parties' future prospects; the parties' standard of living during their marriage and their potential for maintaining or exceeding that standard *Page 122 
after the divorce; and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce." (Citation omitted.)
Makar v. Makar, 398 So.2d 717 (Ala.Civ.App. 1981). The wife claims that in view of factors to be considered by the court, the court abused its discretion by awarding her $425 per month for permanent and periodic alimony.
The parties' circumstances in this case do not warrant a revision or reversal of the trial court's periodic and permanent alimony award. The parties were married for twenty-five years and their three children have all reached the age of majority. The wife is forty-four years old and in good health. She has worked full time for the past three years as a sales clerk in a clothing store and she earns $5.40 per hour plus a one percent commission. In 1981 she had a gross income in excess of $12,000. The wife has two years of a college education. In the decree she was awarded all the furniture, silver, a diamond bracelet, and a car. The wife's income with the alimony payment will be more than $17,000 annually.
The husband is forty-eight years old and is also in good health. He has a college degree and is employed as an engineer for the United States Army Missile Command. His gross salary is $43,666 a year, but with a temporary promotion, overtime pay, and cash awards, he earned over $51,000 last year. The husband was awarded three automobiles but was made responsible for the debts owed for these cars. Although there is some disparity between the parties' incomes, it is not so great for us to conclude that the alimony award is a clear and palpable abuse of discretion. We will not disturb the court's alimony award.
The second issue raised by the wife is whether the court erred by ordering the proceeds from the sale of the marital home be applied to the payment of the parties' debts. She contends that, with the exception of the two home mortgages, all the debts were incurred by the husband. The wife asserts that indebtedness is a secondary consideration when compared to the obligation to support his wife in relation to his income and the manner in which the wife is accustomed to living. She claims that this court-ordered arrangement improperly reduces her portion of the property division and diminishes her future security. The wife also argues that the court's decree ordering the proceeds disbursed "[f]irst to the payment of any and all debts incurred by the parties during their marriage" is ambiguous and we should remand this case to the trial court for clarification.
As stated above the division of property is a matter within the trial court's discretion and is not to be reversed on appeal absent a manifest abuse of discretion. Franks v. Franks,383 So.2d 860 (Ala.Civ.App. 1980). The debts incurred by the husband in most instances were incurred for the benefit of the family. Furthermore, that portion of the decree is not ambiguous. The court specifically stated which debts were not to be paid from the proceeds of the home sale. All other debts owed are to be paid from the proceeds.
The final issue raised is whether the trial court abused its discretion by failing to award attorney fees for the wife's attorney. The wife claims that she was denied an award of attorney fees because of the court's opinion that her attorney was unprepared. She contends that the denial of fees was an arbitrary decision made in the early part of the trial. The wife once again asserts that earning capabilities of the parties are greatly disparate and the husband clearly has the ability to pay the attorney fees. Furthermore, she asserts the husband stipulated that $1,719.50 was a reasonable fee for the wife's attorney.
The award of attorney fees to the wife is a matter within the discretion of the trial court. Burgess v. Burgess,356 So.2d 177 (Ala.Civ.App.), cert. denied, 356 So.2d 179 (Ala. 1978);Plaskett v. Plaskett, 348 So.2d 784 (Ala.Civ.App.), cert.denied, 348 So.2d 789 (Ala. 1977). The exercise of the court's discretion will not be revised except for abuse of that discretion. Reynolds v. Reynolds, 376 So.2d 732 (Ala.Civ.App. 1979). *Page 123 
We find no abuse of discretion in the refusal to award attorney fees. The decision of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.