This is a divorce case arising out of Baldwin County, Alabama.
Appellant Henry R. Langford (husband) and appellee Deborah Kay Langford (wife) were married in February 1976. Two children were born of this marriage; Melissa, age five and one-half years and Joshua, age seventeen months at the time of the trial in July 1982. The parties separated in July 1981 because of an "irrevocable" breakdown of their marriage. At the time of the trial the wife had custody of the children and was living in Pensacola, Florida, with her parents.
The trial court, after hearing the case ore tenus, rendered a final decree on October 19, 1982. The husband was ordered to pay $100 per week in child support, beginning one month prior to the decree until January 31, 1983; $150 per week from then until July 31, 1983; and $200 per week thereafter. The wife was further awarded $10,000 as "alimony in gross," payable on or before July 31, 1984, plus eight percent interest. She was also awarded the income from a second mortgage derived from the sale of a home in Pensacola. That property, though owned by the husband prior to the marriage, was lived in by the family in the early years of the marriage. That income is $4,000 per year for three years. The court did not characterize this award.
The husband moved to reconsider or in the alternative for a new trial. We take judicial notice that the trial judge was suspended from the bench by operation of law on November 2, 1982. He was apparently unable to consider appellant's motions. The motions were continued through February 2, 1983, when they were denied by a successor judge.
The only issue raised on appeal is whether the trial court abused its discretion in the provisions of its decree relative to child support and alimony. We have read the testimony and find no support in the evidence for the amount of child support with its incremental increases. *Page 964 
The decree was rendered following an ore tenus hearing and is presumed correct on appeal if supported by the evidence. Wilsonv. Wilson, 404 So.2d 76 (Ala.Civ.App. 1981). The division of property and setting of alimony is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Mack v. Mack, 389 So.2d 1156
(Ala.Civ.App. 1980).
The division of property does not have to be equal — only equitable. Each case must be decided on its own facts and circumstances. Parker v. Parker, 392 So.2d 229 (Ala.Civ.App. 1980). Though there are no set standards, factors to be considered in the division of property and award of alimony are the future prospects of the parties, their ages, sex, health, station in life, length of marriage, and in proper cases the conduct of the parties with reference to the cause of the divorce. Wicks v. Wicks, 379 So.2d 612 (Ala.Civ.App. 1980).
We do not find reversible error in the award of the $4,000 yearly income from the sale of the Pensacola property to the wife. That the home was owned by the husband prior to marriage is a factor to be considered, but it is not controlling in this case. § 30-2-51, Code of Alabama 1975; Wilson v. Wilson,404 So.2d 76 (Ala.Civ.App. 1981).
The child support payment increases scheduled for January 31, 1983, and July 31, 1983, must be set aside. Though a divorced father must support his children reasonably according to his means, Boswell v. Boswell, 280 Ala. 53, 189 So.2d 854 (1966), and the determination of the amount rests within the sound discretion of the trial court, Hall v. Hall, 391 So.2d 122 (Ala.Civ.App. 1980), the "court is bound by the legal evidence or lack of it."Alford v. Alford, 368 So.2d 295, 298 (Ala.Civ.App. 1979). We have examined the record and find no justification for the ordered incremental increases in child support.
The husband is the owner and operator of a business engaged in prefabricating wooden trusses for use in the construction industry. His business is conducted on a parcel of land valued at approximately $30,000. There are two structures on the land, used in his business, valued at approximately $71,000.
There is a home located on a one-acre parcel which he values at $45,000 and the wife values at $80,000. There are nineteen acres adjoining the home which are valued at $2,100 an acre, or a total of $39,900.
The business property and the home are subject to mortgages totaling $70,683.60. The nineteen acres are subject to a purchase money mortgage to the grantor and a second mortgage to the bank to secure debts totaling $49,845.28 as of June 30, 1980. The real property was encumbered in the total amount of $120,525.88 plus interest. Additionally, he owes $73,776.78 to others.
Husband had his best year for income from his business in 1980. The best that has been determined from his poor records is that he made $18,219 that year. He is presently under audit by the Internal Revenue Service and the Alabama Department of Revenue for unpaid taxes. His business is presently losing money and is hurting for operating capital.
Under the decree of the trial court, he will be required to pay the total of $22,000 during the year ending July 31, 1984.
It is evident that he does not have presently the income to pay the ordered incremental child support. It is further evident that to meet the alimony in gross payment as ordered he will have to sell real estate. The home and adjoining acreage are so heavily encumbered with first and second mortgages that the indebtedness approaches or surpasses its apparent reasonable market value. The business property is heavily indebted also. To sell that property would appear to remove the ability of the husband to continue in business and produce income with which to pay child support.
It therefore appears from the evidence that the present circumstances of the husband are not such as will support the *Page 965 
incremental increases in child support beginning January 31, 1983. We find such increases to be so unsupported by the evidence as to amount to an abuse of discretion. We order them to be set aside. However, we find the evidence to support the order of child support in the weekly amount of $100.
We reverse the decree which orders the payment of $10,000 to the wife as alimony in gross by July 31, 1984. Perhaps there may be an ability of the husband to sell some of the real estate or otherwise raise the funds to pay such sum or some other reasonable sum. However, it is this court's opinion that such possibility should be considered by a judge presently on the bench. Therefore, that part of the decree is set aside, together with the vesting of all title to the real property in the husband. The matter of alimony in gross and division of real property is remanded to the trial court for further consideration. Any further proceedings as to child support based upon circumstances arising since October 1982, may be considered as the court deems proper.
Affirmed as to payment of child support of $100 per week and the $4,000 per year from the Pensacola mortgage. Reversed as to the increment increases of child support beginning January 31, 1983, and the award of $10,000 alimony in gross payable with interest on July 31, 1984. All other matters are affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.