BRADLEY, Judge.
The wife appeals from a final decree of divorce.
The parties were married on June 26, 1978. The couple has a child, Jamilia Ellen Erben, born of the marriage. The wife has two teenaged children from a previous marriage. On August 26, 1983 the wife, Frances Erben, sought a divorce from her husband, Joseph Erben, and custody of the couple’s child. The husband filed an answer and counterclaim, requesting a divorce and seeking custody of Jamilia.
The trial court granted the parties a divorce and awarded custody of the minor child to the husband. The wife’s motion for new trial or, in the alternative, to alter, amend, or vacate the judgment was denied.
The wife urges on appeal that the trial court’s award of custody of the minor child to the husband was unsupported by the evidence and so palpably wrong as to constitute reversible error. We disagree.
Each party made various charges of misconduct against the other at trial. Testimony revealed that the husband had several large debts, some of which were the result of gambling losses. The wife admitted that during the marriage she had engaged in adultery with Tommy Joe Alexander, who was also married at the time. She and Mr. Alexander often traveled together. The wife also frequently visited her paramour at his apartment. The parties’ minor child was often present during these visits and accompanied the wife and Mr. Alexander on their trips. Jamilia has also been present during confrontations between Mrs. Alexander and the wife.
The wife argues that evidence of her adultery is insufficient ground to deprive her of custody of Jami. Our courts have stated that acts of adultery alone are not an absolute bar to an award of custody to the “accused” mother. Mason v. Mason, 276 Ala. 265, 160 So.2d 881 (1964); Etheridge v. Etheridge, 375 So.2d 474 (Ala.Civ.App.1979). However, we have also held that a party’s adulterous conduct is a factor to be considered in determining which party shall have custody. Lipsey v. Lipsey, 450 So.2d 1095 (Ala.Civ.App.1984). The trial court heard the testimony offered by the parties, and we must assume that it considered all of the testimony, including that relating to the wife’s misconduct. We find nothing in the record to indicate that the trial court relied solely on this evidence.
There was evidence before the trial court that the wife had frequently left the child in the care of her teenaged children and her husband while she went out drinking with her friends. She often stayed out very late and sometimes did not return home until the next day. Occasionally she spent the night with her lover. The mother appeared also to have difficulty disciplining Jamilia. Also, her teenaged daughter was experiencing difficulty in school, receiving poor marks in several of her courses. The husband had consulted with the daughter’s school counselors concerning this matter, but the wife had not done so.
The determination of child custody is left to the discretion of the trial court, and the court’s determination after an oral hearing of the matter will not be set aside unless it is so contrary to the evidence as to be plainly and palpably wrong. Mansell v. Mansell, 437 So.2d 588 (Ala.Civ.App.1983).
The court concluded that it would be in the child’s best interests to be in the husband’s care and control, given the wife’s home environment. After carefully reviewing the evidence in the record before us, we cannot say that the trial court abused its discretion in awarding custody to the husband.
As an additional reason for a reversal of the trial court’s decree, the wife says that the court committed reversible error in allowing Fred Erben, a witness at the hearing and the husband’s brother, to remain in the courtroom after invocation of the “witness rule.” We disagree.
Excluding or excusing witnesses from the rule is a matter left largely to the discretion of the trial court. Camp v. General Motors Corp., 454 So.2d 958 (Ala. *380 1984). The court’s decision will not be reversed on appeal unless there is a gross abuse of discretion. Johnson v. Harrison, 404 So.2d 337 (Ala.1981). Fred Erben is an attorney in the firm which represented the husband, and it was made known to the trial court that he had participated in the preparation of certain aspects of the case and, even though he was not acting as one of the attorneys, his presence in the courtroom would permit the trial attorneys to ask him questions about the case. In addition, we have been cited to no cases where the trial court’s decision in either excluding or excusing witnesses from the rule has been reversed. We hold that under the facts presented there was no abuse of discretion in the court’s action excusing Fred Erben from the rule.
The wife also argues that the trial court committed reversible error in refusing to admit into evidence sexually explicit materials. These materials were found in Fred Erben’s bedroom. Fred and Joe Erben (the husband) reside in the same house with their mother. The wife attempted to introduce these materials into evidence in order to show that the child would be raised in an “unfit environment” if its custody was awarded to the husband. The trial court refused to admit these items into evidence on the ground that these materials raised a res inter alios acta as to the husband. Under the rule of res inter alios acta, “a litigant cannot be affected by the words or acts of others with whom he is in no way connected, and for whose words or acts he is not legally responsible.” 32 C.J.S. Evidence § 576 (1964) (footnote omitted).
Although it might be shown that Joe Erben was not legally responsible for the act of his brother, Fred, in keeping pornographic material in his room in their mother’s house, the fact that such material is kept in the house where the child in question is living and, for ought appearing, such could have been seen by the child, is relevant to the custodial environment in which the child is living. We perceive no real difference in the presence of these pictures in the child’s living area and evidence of other types of sexual misconduct in the house.
We believe this proffered evidence was relevant to the issue before the court and that the court erred in not admitting it. However, we do not find that the erroneous refusal to admit the evidence requires a reversal of the case. We deem rule 45, Alabama Rules of Appellate Procedure, to be applicable in this aspect of the case.
There is no evidence that the child saw this material or that she was aware that it was in her uncle’s room. Furthermore, all the other evidence supports the trial court’s finding that the father is the better custodian of his child. Consequently, the refusal to admit these books into evidence does not constitute reversible error. Rule 45, A.R.A.P.
We find no merit in the wife’s contention that the trial court committed reversible error by its comments on her testimony, allegedly indicating the court’s disbelief of her testimony and a prejudice against her. A careful review of the record reveals that the wife’s testimony was often conflicting and confusing. The trial court’s remarks that she needed to be more consistent and careful in her testimony were not inappropriate and were intended merely to clarify her testimony. Furthermore, the court’s remarks were directed to both the wife and the husband. The wife has failed to show that the court’s remarks were prejudicial to her in any respect. Absent such a showing, the trial court’s remarks at trial are insufficient ground for reversal. Stewart v. Stewart, 354 So.2d 816 (Ala.Civ.App.1977).
Finally, the wife says that the trial court erred by not ordering the husband to repay a $10,000 debt owed to wife’s father, and by not ordering husband to repay her the money she had paid on the debt.
In making this argument wife has failed to cite any authority for her contention. Rule 28(a)(5), A.R.A.P., requires the citation of authority in support of an argu *381 ment. Also, see Dean v. Dean, 424 So.2d 1323 (Ala.Civ.App.1982). Consequently, we will not consider this issue.
We will note, however, that it has been held that a divorce decree will not be voided for failure of the trial court to fix responsibility for marriage debts, Miller v. Miller, 391 So.2d 119 (Ala.Civ.App.1980), the theory being that the trial court has left the parties, as to their debts, in the same position after the divorce as they were in prior to the divorce.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.