This is a divorce case.
The parties were married on June 3, 1973. The wife filed a complaint for divorce in the Circuit Court of Mobile County on March 20, 1984. The trial court heard the case ore tenus and entered a judgment of divorce. The trial court divided the parties' property, ordered the husband to pay the marital debts, and awarded the wife $750 for attorney's fees. There were no minor children and there was no award of alimony.
On August 6, 1984 the husband filed a motion for new trial or rehearing, and/or reconsideration. The trial court denied husband's motion for new trial or rehearing and granted the motion for reconsideration. In granting the motion for reconsideration, the trial court amended the judgment of divorce nunc pro tunc to award the husband a coin collection that had not been disposed of in the prior decree. The husband appeals from the trial court's denial of his motion for new trial or rehearing. The wife cross-appeals from the divorce decree.
In support of his appeal the husband argues that the trial court erred in its division of the marital property. First, the husband contends that monies held in a money market account and in a certificate of deposit, in the amount of between $36,800 and $44,500, were his separate property and that the trial court erred by awarding the wife a portion of those funds. The record reveals that the husband purchased the certificate and money market account after the parties were married. The accounts were held in both parties' names. The funds for the purchase of these accounts were derived from the sale of property that the husband owned prior to the marriage of the parties. After the parties *Page 111 
were married the property in question was sold. The husband received $13,500 from the sale of this property, which money he used to invest in these accounts. The husband contends that the funds held presently in these accounts are a result of accumulated interest and reinvestments of the original investment of $13,500. No evidence was presented at trial either refuting or supporting the husband's contention. The wife did not allege at trial that she made any cash contributions to these accounts. She did testify, however, that she worked alongside her husband in his business and kept the books and ran errands for the company. The wife received no salary for her assistance. The trial court in its judgment of divorce awarded, in part, the following:
 "9. That the money market and the CD in the approximate amount of $44,500.00, shall be divided as follows: the Plaintiff is awarded $19,717.43, and the Defendant is awarded $13,500.00, and the remainder is to be equally divided between the parties."
The husband argues that the funds in the above accounts were his separate estate and, therefore, the trial court improperly awarded a portion of this amount to the wife. We disagree.
We find that our case of Franks v. Franks, 383 So.2d 860
(Ala.Civ.App. 1980), is dispositive of husband's argument. InFranks the husband contended that the trial court erred in awarding the wife a portion of a certificate of deposit purchased by husband with money received by him from the sale of property owned by him prior to the marriage. In upholding the award we said that a division of property is within the sound discretion of the trial court and a division of property by the trial court will not be changed except for an abuse of its discretion. Franks v. Franks, supra.
In the case at bar the wife was awarded a portion of the CD's and money market funds which had accumulated over the years, apparently from money received by the husband from the sale of property owned by him prior to his marriage to wife. Based on our holding in Franks, we do not find that the trial court erred in this aspect of the case.
We would also point out that even though the initial investment came from moneys derived from the sale of property owned by husband prior to the marriage, the CD's and money market accounts were taken in the joint names of the parties. It has been held that the trial court is under no requirement to attempt to set aside gifts or inheritances when these assets become the property of both spouses. Campbell v. Campbell,51 Ala. App. 295, 285 So.2d 105 (1973). Here, the parties took the money from the sale of husband's property and invested it in jointly-owned assets.
Husband also says that the trial court abused its discretion in the division of the parties' property. He contends that the wife received much more than she was entitled to receive under the facts of the case. In her cross-appeal wife also argues that she did not receive her fair share of the parties' property. In other words, the husband received an unequal division of the parties' property.
A division of property in a divorce proceeding is not required to be equal, but it must be equitable according to the nature of the case. Kaiser v. Kaiser, 434 So.2d 264
(Ala.Civ.App. 1983). And, the division of property is a matter within the sound discretion of the trial court. Langford v.Langford, 441 So.2d 962 (Ala.Civ.App. 1983). The trial court's exercise of its discretion will not be set aside except for an abuse of that discretion. Langford v. Langford, supra.
The evidence shows that the parties were married for about eleven years and that wife had worked outside of the home off and on for several years. The money she received from the jobs went into the parties' joint bank account, from which marital expenses were paid. At other times she assisted husband in his work, actually participating in the physical labor as well as keeping the books and paying the bills. *Page 112 
She helped raise husband's minor children by a former marriage. She left him when he transferred his affections to another woman.
The parties accumulated a sizeable estate over the life of their marriage. The value was estimated to be anywhere from $171,600 to $187,100. Of this estate, husband received approximately sixty percent and the wife forty percent.
Based on the portions of the estate received by each one of the parties and the other factors established by the evidence, we do not find that the trial court abused its discretion in the division of the parties' property. This finding applies equally to the husband's appeal as it does to the wife's cross-appeal.
Husband's final contention is that the trial court erred in awarding the wife an attorney's fee of $750 when she had previously paid her lawyer $2,500 out of the parties' estate.
The granting of attorney's fees in a divorce action is a matter within the trial court's discretion and will not be reversed on appeal except for abuse of that discretion. Masucciv. Masucci, 435 So.2d 120 (Ala.Civ.App. 1983). Factors to be considered in making an attorney's fee award include earning capacities of the parties, results of the litigation, and financial circumstances of the parties. West v. West,437 So.2d 583 (Ala.Civ.App. 1983). The wife nets $103 a week as a cashier. The husband apparently earns considerably more, although no earnings amount is specified in the record, but the husband has an established business with several prominent clients. The wife, however, is fairly inexperienced in the marketplace. It appears, therefore, that the husband's financial condition makes him better able to pay the attorney's fee. We find no abuse of discretion here.
The wife is awarded $350 as an attorney's fee on appeal.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.