BRADLEY, Judge.
This is a divorce case.
Celia Clark and Glenn Allen were married in 1958. Three children were born of the marriage. Two of them, Bonnie Ge-nese Allen, 22, and Sheila Faye Allen, 20, are of limited mental capabilities and are dependent on the family for support. In November 1983, after an altercation in the Allen home, Mrs. Allen filed for divorce, alleging incompatability, irreconcilable differences, and physical cruelty by her husband. Mr. Allen counterclaimed, alleging adultery by Mrs. Allen. After an ore tenus hearing the trial court granted the divorce, divided the marital property, and awarded Mrs. Allen $85 per month for the support of Genese and Sheila.
Mrs. Allen brings this appeal, contending that the property division was inadequate, that the support awarded for their daughters was insufficient, that Mr. Allen should have been required to pay about $100 of Mrs. Allen’s debts, and that she should have been awarded periodic alimony.
The division of property and the award of alimony are within the trial court’s sound discretion and its judgment will be reversed only for a plain and palpable abuse of that discretion. Masucci v. Masucci, 435 So.2d 120 (Ala.Civ.App.1983). In deciding whether to award alimony or to make a property division, the trial court *426 may take into consideration such factors as the age and earning capacity of the parties, duration of the marriage, standard of living, value and type of property owned, and the conduct of the parties. Butts v. Butts, 418 So.2d 161 (Ala.Civ.App.1982).
The evidence shows that Mr. Allen is retired and has a hearing problem. His sole income consists of $157 per month in retirement benefits and $419 per month as social security benefits. He and Mrs. Allen also do odd jobs from time to time. Mrs. Allen has worked as a baby sitter and helped plant a garden. Mrs. Allen was a homemaker for most of the marriage. Her doctor testified that she takes tranquilizers but is able to do unskilled labor. She gets $199 per month in food stamps. The daughters live with Mrs. Allen. Genese has never worked, but the local Social Security Administration has recently determined that she can do simple jobs. Sheila has vision problems but is capable of working.
The trial court divided the meager personal property of the parties relatively equally. As a division of real estate and as a property settlement, Mrs. Allen got two acres of land and the house that the parties had built soon after their marriage. It is a wood frame house without the usual amenities, such as running water and inside toilet facilities. It is estimated to be worth about $4,000. Mr. Allen was awarded the seventy-eight acres of land that he owned in 1958 when the parties married. The mineral rights to the land had been sold and recently timber was sold from the land and the proceeds divided between the parties. The land is estimated to be worth about $29,-000.
There is ample evidence in the record of Mrs. Allen’s adultery and that this conduct contributed to the breakup of the marriage.
After reviewing all the evidence in the light of the factors set out above, we do not find that the trial court abused its discretion in the division of the parties’ property or in refusing to award Mrs. Allen any periodic alimony.
Next, Mrs. Allen says that the trial court erred in not requiring Mr. Allen to pay some debts incurred during the marriage. The divorce decree did not fix responsibility for these debts and the failure to do so is not error. Erben v. Erben, 462 So.2d 377 (Ala.Civ.App.1984); Miller v. Miller, 391 So.2d 119 (Ala.Civ.App.1980). When the trial court in a divorce decree fails to dispose of marital debts, the parties are in the same position as to these debts after the decree as they were before the decree; the failure to fix responsibility for these debts does not void the decree.
Finally, Mrs. Allen argues that the amount of child support is inadequate and that the trial court's decree is in error as to this aspect of the case.
The determination of child support rests within the sound discretion of the trial court. Langford v. Langford, 441 So.2d 962 (Ala.Civ.App.1983). Among the factors a trial court considers in awarding child support is the financial ability of the father to respond to the needs of his dependent children. Butler v. King, 437 So.2d 1300 (Ala.Civ.App.1983).
As noted above, the father is in his late sixties, has back problems, and lives on an income of $576 a month which is derived from social security benefits and retirement from his former employment. Granted, $85 a month child support appears to be a small amount for the support of these two adult children, but the father’s ability to respond to his children’s needs is also very limited. See Ex parte Brewington, 445 So.2d 294 (Ala.1983). Also, the evidence shows that both of the children and the mother are capable of doing some kinds of work.
Based on the evidence relating to this aspect of the case, we cannot say that the trial court abused its discretion in the amount of child support awarded to the mother. Such an award, however, is subject to modification should future circumstances so warrant.
Mrs. Allen’s request for an attorney’s fee on appeal is denied.
*427 The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.