WRIGHT, Presiding Judge.
This is a divorce case.
After eight years of marriage, the parties were divorced. From the trial court’s final judgment of divorce, the wife appeals.
The wife raises three issues on appeal. First, she contends that the trial court abused its discretion by failing to properly consider the contribution of each spouse to the marriage and the source of the marital property when it made the final property division. Second, the wife contends that an award of $5,000 for alimony in gross failed to adequately compensate the wife for her inchoate rights in the marital property and therefore was an abuse of discretion. Third, the wife argues that the trial court failed to properly consider a number of factors which may be considered in equitably dividing marital property.
This is the second marriage for both parties. During this marriage, the husband owned and operated a trucking business. The wife was employed as a nurse-supervisor with the Marshall County Department of Health. When the parties divorced, the wife was forty-five years old and the husband fifty. Because of the husband’s reported losses in his trucking business, the wife appeared to earn more actual income during the marriage. All income tax refunds were kept by the wife. Both parties contend that they paid the household expenses. The wife received child support payments for her minor sons from her previous marriage.
The husband brought to the marriage a home with a $50,000 equity. The parties paid the husband’s first wife $10,000 to receive a deed to the home. The home had an appraised value of $60,000 at the time of this divorce. Other than the home, there was property consisting of furniture, two trucks, two trailers, an automobile, and a savings account in the wife’s name which contained $5.00 at the time of the divorce.
Virtually all of the furniture brought into the marriage by the wife was awarded to her. The tractor-trailer rigs were awarded to the husband. The wife was awarded $5,000 as alimony in gross, upon receipt of which she was to execute a deed to the husband conveying to him her interest in the home. The wife also received a 1981 Pontiac automobile.
A decree rendered ore tenus is presumed correct on appeal if supported by the evidence. Langford v. Langford, 441 So.2d 962 (Ala.Civ.App.1983). The division of property is within the trial court’s discretion and, absent an abuse of discretion, will not be reversed on appeal. Masucci v. Masucci, 435 So.2d 120 (Ala.Civ.App.1983). A property division in a divorce does not have to be equal, only equitable, as each case must be decided on its own facts and circumstances. Langford, supra. Factors to be considered in making an equitable property division are the future prospects of the parties, their ages, sex, health, station in life, how long they were married, and the conduct of the parties in regard to the cause of the divorce. Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App.1980).
There were some accusations of physical cruelty, but the wife equivocated on those accusations under cross-examination. Allegations of the wife concerning the husband’s adultery were unsubstantiated. The husband did not drink or gamble, and, although on the road frequently because of his trucking business, spent his free time with his family. Both parties are apparently in good health. The wife is a *1073 certified registered nurse who works for the State of Alabama and is under the merit system. Her yearly income has more than doubled since 1975. The husband has a bleaker financial picture, with his trucks and some welding skills his sole means of supporting himself.
The home was brought to the marriage by the husband with a $50,000 equity. The award to the wife of $5,000 alimony in gross is apparently designed to compensate the wife for one-half of the joint $10,000 loan used to retire the remaining, debt on the home.
Based on the evidence, we cannot find that the trial court abused its discretion. The judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.