This is an appeal from a judgment for money paid toward the purchase of real estate.
Mr. and Mrs. Cummins (sellers) entered into a contract on April 15, 1981, with Mr. and Mrs. Slayton (buyers) for the sale of the Cumminses' house and lot.
The buyers made an initial down payment of $1500 on April 15, 1981, and subsequently, made timely payments of $1000 every 90 days thereafter through January 21, 1983. The sellers continued to live in the house from said down payment up to September 1983.
The parties went to Collateral Investment on June 14, 1983, where another document was executed for the purpose of the buyers' obtaining a loan. The loan could not be approved because the well was closer than 50 feet to the house.
On June 20, 1983, the buyers made another $1000 payment to the sellers with a notation on the check that the payment was for "April, May, and June." Sellers accepted and retained this payment.
On September 6, 1983, another $1000 payment was sent, but the sellers refused acceptance of the payment, and returned it to the buyers.
The sellers then proceeded to sell the house to other parties in October of 1983.
The buyers filed a complaint in circuit court in January 1984, for the money paid to the sellers under the sale agreement.
After a non-jury trial, the court entered judgment in favor of the buyers and against the sellers, for $8500 plus interest, for a total judgment of $10,700. After motion for a new trial was denied, the seller appealed.
On appeal, the seller has failed to apply any statements of law to any alleged error on the part of the trial court. The argument did not contain any citations to the authorities, statutes, or parts of the record relied on.
When an appellant has failed to comply with Rule 28(a), Alabama Rules of Appellate Procedure, he is in a perilous position. While this court hesitates to dismiss an appeal or affirm a judgment on what appears to be a technicality, we are sometimes unable to address the merits of an appellant's claim when the appellant fails to articulate that claim. Lambert v.Pinckard Agency, Inc., 516 So.2d 697 (Ala.Civ.App. 1987).
The appellant's brief totally fails to comply with Rule 28(a), A.R.A.P.; therefore, we have no alternative but to affirm the judgment of the trial court.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur. *Page 785