ROBERTSON, Judge.
This is a divorce case.
The husband and the wife were married in February 1988 and lived together until January 1990. The husband is 76 years of age, and the wife is 69 years of age.
Following a hearing on the husband’s divorce petition, the trial court divorced the parties and divided their property. The wife appeals from that part of the court’s order that set aside the husband’s deeding of a life estate in the parties’ marital home to the wife.
Our review of the wife’s brief reveals that she “has failed to apply any statements of law to any alleged error on the part of the trial court.” Cummins v. Slayton, 545 So.2d 783 (Ala.Civ.App.1989). In short, although the wife alleges error on the part of the trial court in its setting aside the deed to the home, she fails to cite us any authority to support her argument.
We note that the wife does cite us two cases; however, her citations do not support her argument. Instead, her citations stand for our ore tenus standard of review in divorce cases and for the proposition that property divisions entered in divorce cases must be equitable, not equal. See Hutchinson v. Hutchinson, 474 So.2d 104 (Ala.Civ.App.1985); Stephens v. Stephens, 472 So.2d 1071 (Ala.Civ.App.1985).
It is not our duty nor our function to research issues for an appellant. Henderson v. Alabama A & M University, 483 So.2d 392 (Ala.1986). The wife offers us no authority concerning the propriety of a trial court’s setting aside a deed pursuant to a divorce action. Thus, we have no choice but to affirm. Alabama Rules of Appellate Procedure, Rule 28.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.