ROBERTSON, Judge.
This case originated in the small claims court of Fayette County. The City of Hamilton (City) filed an action against Dwight E. Hayes for occupational tax due under City Ordinance # 449, which imposes a license fee of one-half of one percent of the gross salary of each person employed within the City. Hayes counterclaimed for $10,000,000 against the City and individuals not parties to the action. On motion, the district court dismissed the counterclaim as being outside the jurisdiction of the small claims court.
After a trial on the merits, the district court entered judgment in favor of the City in the amount of $26.97 plus interest and costs. Hayes appealed that judgment to the circuit court, but never refiled the $10,-000,000 counterclaim in that court.
By deposition, Hayes admitted that he worked in the City as a correctional officer, but contended that the City was without jurisdiction to collect the license fees from employees of the State Department of Corrections. The City filed a motion for summary judgment supported by Hayes’s deposition and an affidavit of the City Revenue Director establishing the amount owed. Nothing in opposition was filed, and the circuit court entered summary judgment in favor of the City. After a motion for JNOY, or in the alternative, a new trial by jury, was overruled, Hayes appeals to this court.
The first issue raised by Hayes is whether an employee of the Department of Corrections falls within the jurisdiction of a municipality and subject to the license fees. He cites § 14-1-10, Code of Ala. (1975), and Article 1, § 14, Const, of Ala.1901, to support his contention that he is solely within the jurisdiction of the Alabama Department of Corrections. Article 1, § 14, simply states “that the State of Alabama shall never be made a defendant in any court of law or equity.’’ We find that this constitutional provision does not apply in this case. Section 14-1-10, pertains to the power and authority of the Department of Corrections and in fact states:
“In the performance of such functions and duties and in the exercise of such *487 powers and authorities, the board and all other officers and employees of the board shall, however, be subject to all legal restrictions, limitations, conditions and penalties, civil and criminal, with respect to the performance of such functions and duties and the exercise of such powers and authorities.”
This language would imply, to the contrary of Hayes’s argument, that he is subject to the City license fee.
The other issues raised by Hayes concern equal protection under the U.S. Constitution, selective enforcement of ordinances, refiling a counterclaim, and right to know about adverse motions. However, Hayes failed to comply with Rule 28(a), Alabama Rules of Appellate Procedure, because he did not cite any authority to support his contentions. This allows us no alternative except to dismiss the appeal or affirm the judgment of the trial court. Cummins v. Slayton, 545 So.2d 783 (Ala.Civ.App.1989).
After careful review of the record, we are unable to find reversible error; consequently, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.