PER CURIAM.
Ronnie Lee Kennington (father) and Freda Diane K. Hunt (mother) were divorced by agreement and answer and waiver in 1983. No appeal was taken from this judgment of divorce. In May 1989, a contempt and modification proceeding was filed by the mother, against the father, for nonpayment of court-ordered child support and for an increase in the monthly child support. After an ore tenus proceeding, the trial court found the father to be in willful contempt, entered a judgment of arrearage in the amount of $5270, increased the monthly child support, and awarded the father liberal visitation. The father appeals.
The argument on appeal centers on the original divorce decree and not on the proceeding appealed from except for one issue, that the trial court denied the father a full and fair hearing on all constitutional issues. Also, no credible authority was cited in the father’s brief to support any of the arguments and issues. The only case cited with a sufficient cite to locate was Gertz v. Allen, 376 So.2d 695 (Ala.1979), and it’s an ore tenus case which supports the mother’s position. While the Preamble to the United States Constitution is cited, it is directed toward the original divorce decree. Four other “Law Edition” cases are cited; however, it is unknown if these are Alabama cases, and again they are directed at the original divorce decree.
It is the opinion of this court that the father’s brief fails to conform in any reasonable manner with Rule 28 of the Alabama Rules of Appellate Procedure, and that precludes this court from considering the issues presented. May v. State Dep’t of Human Resources, 512 So.2d 781 (Ala.Civ.App.1987); Alabama Rules of Appellate Procedure 28(a)(5). When an appellant fails to comply with Rule 28(a), A.R.A.P., this court cannot reverse the decision of the trial court. Cummins v. Slayton, 545 So.2d 783 (Ala.Civ.App.1989). Further, it is neither the duty nor the function of this court to perform all the legal research for an appellant. Gibson v. Nix, 460 So.2d 1346 (Ala.Civ.App.1984).
This case is due to be affirmed, and the mother is awarded a reasonable attorney’s fee on appeal in the amount of $500.
AFFIRMED.
All the Judges concur.