THIGPEN, Judge.
This is a divorce case.
The record reveals that Roger Edwin Anderson (husband) and Jan Marie Langley Anderson (wife) married in 1987. In September 1991, the husband filed a complaint seeking a divorce, alleging incompatibility and an irretrievable breakdown of the marriage. The wife’s counterclaim admitted the breakdown of the marriage and, inter alia, requested that the husband pay alimony and assume certain debts. The trial court divorced the parties in May 1992, and, inter alia, divided the marital property and awarded the wife periodic alimony. The husband appeals.
The husband contends on appeal that the trial court abused its discretion in its award of alimony, and that the trial court “lost its objectiveness” at the trial.
At the outset, we note that the judgment of the trial court following an ore tenus proceeding is presumed to be correct and will not be reversed absent plain and palpable error. Hamby v. Hamby, 575 So.2d 580 (Ala.Civ.App.1991). The matters of alimony and division of property rest within the sound discretion of the trial court and its rulings on these matters will not be disturbed on appeal, except where such discretion was palpably abused. Kelley v. Kelley, 579 So.2d 1362 (Ala.Civ.App.1991). Further, the issues concerning alimony and property division are interrelated, and this court must look to the entire judgment in determining whether the trial court abused its discretion. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Some of the factors to be considered in determining alimony include the future prospects of the parties, their ages, health, and station in life, the length of the marriage, and the conduct of the parties. Daugherty v. Daugherty, 606 So.2d 157 (Ala.Civ.App.1992).
The trial court’s order awarded the wife periodic alimony in the amount of $500 per month for four years, to be decreased by $100 per month every year thereafter until the end of the eighth year, when it *1339 would terminate. The record reveals that the husband works as an electrician in a tire factory and earns in excess of $30,000 per year. The trial court awarded the husband the real estate, the mobile home, and certain personal property. The record further reveals that the wife was 34 years old at trial, has two children from a previous marriage, has no regular employment, is financially supported by her parents and by food stamps, and that she suffers from rheumatoid arthritis. After considering those factors and applying the above-mentioned legal principles, we cannot find that the trial court abused its discretion in its award of alimony.
The husband next argues that the trial court lost its objectiveness at the trial. In particular, the husband objects to the following exchange:
“THE COURT: Now, you’re [the husband] being very matter of fact and all of this and very calm and collected, and I don’t like to show my feelings, either. But I’m going to tell you something. Anybody that sits there with a straight face and tells me that they don’t remember calling somebody that they were in a divorce case with, and this was eleven days ago, that’s not true. Now, you get it straight and get it now, because what I’m coming to the conclusion is that everything you’ve told me today I have to take with a grain of salt because you’re not telling it truthfully now. If you called her that day, unless you were drunk as a skunk, you would remember it. Now, were you drunk when you called her?
“[HUSBAND]: I had been drinking, yes, sir.”
A trial judge does not aid either party; the judge “is the arbiter and moderator, not an advocate.” Tharp v. Union State Bank, 364 So.2d 335, 337 (Ala.Civ.App.1978). A judgment will not necessarily be reversed “merely because a judge’s conduct is inappropriate.” Stewart v. Stewart, 354 So.2d 816, 820 (Ala.Civ.App.1977). The complaining party must show that the court’s actions were inconsistent with substantial justice or that they materially prejudiced the complaining party. Stewart, supra. We have thoroughly and carefully studied the entire record and do not find that the husband suffered any prejudice as a result of any of the trial court’s statements. It appears that the trial court’s inquiries in the specific example given by the husband, as well as other times, were intended to clarify the husband’s testimony. The husband has failed to show any resulting prejudice. Absent that showing, the trial court’s remarks at trial are not sufficient grounds for reversal. Erben v. Erben, 462 So.2d 377 (Ala.Civ.App.1984).
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.