This is a divorce case.
The dispositive issue is whether the trial court abused its discretion in the award of periodic alimony. We find no such abuse as to require reversal and affirm.
This court does not deem it necessary or prudent to set out in detail the facts of this appeal. Viewing the record with the attendant presumptions, the following is pertinently revealed: The parties were married for approximately twenty-five years. The husband has been employed for over twenty years by International Paper Company. He earns approximately $18,000 per year. The wife has worked most of the time during the marriage. At the time of the divorce she held what might best be described as two "part time jobs." She earned approximately $6,000 per year from these jobs. One child was born of the marriage. This child is no longer a minor. The parties acquired during the marriage a home and certain other assets.
After an ore tenus hearing, the trial court divorced the parties, made a division of property, and ordered the husband to pay to the wife the sum of $250 per month as periodic alimony.
As able counsel for the husband states in brief: "Plaintiff (husband) on appeal contests only the alimony award; it being the straw that will economically cripple the plaintiff." *Page 922 
It is axiomatic in divorce cases that where the evidence is heard ore tenus by the trial court, its findings are presumed correct and will not be overturned without a showing of an abuse of discretion. This rule has particular application in the amount of alimony awarded. See, Malkove v. Malkove, Ala.Civ.App., 349 So.2d 52 (1977); Chancellor v. Chancellor,52 Ala. App. 10, 288 So.2d 794 (1974); 8 Ala. Digest Divorce 286 (2) and (3).
In this instance, considering the length of marriage, the earnings of the respective parties, and the type of employment, we cannot say the trial court erred to reversal. To do so would be to substitute our own judgment for that of the trial judge. This the law will not allow. Sutton v. Sutton, 55 Ala. App. 254,314 So.2d 707 (1975).
The wife has requested an attorney's fee for representation on appeal. A fee of $500 is awarded.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.