WRIGHT, Presiding Judge.
This is a divorce case.
The parties were married thirty-six years. They had three children, all of whom are of legal age and self-supporting. The parties owned various articles of personal property, and three lots (Lots 2, 3, and 4) in Jackson Oaks Sub-division where they made their home.
The trial court’s decree dated March 12, 1979, divorced the parties on the ground of incompatibility and made a division of their real and personal property. The wife was given all of Lot 2 including the residence and one-half of Lot 3. The husband was given all of Lot 4 and the remaining half of Lot 3. The wife assumed responsibility for the mortgage on Lot 2 and the husband was ordered to pay the mortgage payment for Lots 3 and 4. If the husband failed to make the mortgage payment on Lots 3 and 4, the wife was given the right to pay the overdue payment. The payment becomes a lien against the property to the extent of the payment. In the event the wife decides to sell her half of Lot 3, the husband must obtain a release from the mortgage for this portion of the lot. The decree also made a division of personal property.
On March 20, 1979, the trial court, at the request of both parties, amended the provision of the decree granting a water line easement to the husband across Lot 2 to include a water line easement across the wife’s half of Lot 3.
On April 20, 1979, in response to the wife’s motion to alter or amend the decree, the trial court amended the decree to grant an easement for ingress and egress over the property’s existing driveway which crossed all three lots.
The husband’s subsequent motion for new trial was denied and the husband appeals.
The husband argues that the trial court’s division of property is so disproportionate as to constitute an abuse of discretion. A division of property in a divorce decree need not be equal, but must be equitable according to the circumstances. Smythe v. Smythe, 376 So.2d 1101 (Ala.Civ.App.1979). We do not find the division in this instance to be inequitable.
The husband’s remaining issue concerns the provisions in the decree dealing with payment of the mortgages on the three subdivision lots. He contends that the trial court committed reversible error in requiring him to pay the mortgage on the wife’s half of Lot 3, in ordering him to obtain a release of the mortgage in the event she decides to sell her half of Lot 3, and in granting the wife the right to pay the mortgage on Lots 3 and 4. The husband argues that these provisions of the decree burdened him with excessive liabilities and granted the wife excessive control over the property awarded to him. We do not agree. Clearly, the purpose of these provisions is to give the wife the right to protect the property awarded to her from a foreclosure of the mortgage which covers Lots 3 and 4. The husband can keep his property free of any interest of the wife simply by paying the mortgage payments. If he fails to do so and the wife must make the payments to protect her interest in Lot 3, a lien on the property in the amount of *749 the payment is a reasonable method of insuring repayment. A court of equity in a divorce case has the power to use any reasonable means to effect a just property settlement and adjust the equities between the parties. Smith v. Smith, 365 So.2d 88 (Ala.Civ.App.1978). The provisions of this decree concerning the mortgage payments were matters within the discretion of the trial court and we find no abuse of that discretion.
The husband’s request for attorney’s fee on appeal is denied. The wife’s request for attorney’s fee on appeal is granted in the amount of $500.
The wife’s request that the court award damages for a frivolous appeal is denied.
The trial court’s decree is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.