This is a divorce case. The wife appeals the portions of the decree relating to child support, alimony, property division and attorneys' fees.
The parties were married for eighteen years and have two children — a daughter, age fifteen, and a son, age ten. The husband and wife are college graduates. Following the husband's tour of duty in the Air Force, the couple bought a home in Cullman, Alabama, Mr. Fuller's hometown. Mr. Fuller worked for his grandfather. When his grandfather died, the husband inherited a great deal of rental property and the grandfather's residence which is located on a city block in Cullman. The Fullers spent $75,000 remodeling that residence, sold their home and moved to the deceased grandfather's home. In 1977, after having lived there five years, the couple *Page 123 
sold that house and moved to Ridgway, Colorado. There they lived in a mobile home situated on fifty-four acres. The parties owned and operated a service station on an adjoining lot.
The husband entered into numerous business ventures during the marriage, all apparently unsuccessful. He testified that income from these endeavors was negligible. On the contrary, his gross income from rental property ranged up to $36,000 per year. Mrs. Fuller wasn't employed during the marriage until the family moved to Colorado. There she pumped gas and kept the books for the business. She was eventually forced to work in a candy factory in nearby Montrose, Colorado, to earn money for groceries and clothing for the children.
The Fullers disagreed on many issues, but Mrs. Fuller left Colorado in July 1979 when her husband insisted she sign a bank note to borrow money to pay the balance owed on the service station. She testified that she told Mr. Fuller if she signed the note she was returning to Alabama and wanted a divorce. Approximately one month after she signed the note, Mrs. Fuller sent the children to visit her parents in Birmingham, Alabama. One week later she flew to Birmingham also, and has remained there with the children since that time. Mrs. Fuller is now gainfully employed in Birmingham, and nets between $550 and $625 per month. She testified that essentials cost her $927 per month, and that her son will soon have an operation, to partially correct a birth defect, which will cost $750.
Mr. Fuller inherited rental property valued at $200,000 from his grandfather in addition to the Cullman home sold in 1977 for $145,000. He owns rental property valued at $220,000 that he purchased during the marriage. Also, Mr. Fuller is trustee and sole beneficiary of a trust valued at $178,200. Mr. and Mrs. Fuller jointly own the Colorado property which encompasses the residence and the business. The majority of the Fullers' property is encumbered.
The trial court awarded custody of the children to Mrs. Fuller, and ordered the husband to pay $200 per child per month as child support. The court ordered an assignment of rents from two unencumbered pieces of property as security for the support payments, and ordered that the property not be sold or encumbered during the children's minority. No provision was made for medical insurance or life insurance.
The trial court "confirmed" title to Mr. Fuller's separate property in him. The Colorado property was ordered sold, such sale to take place in 120 days and the net proceeds divided between the parties. The husband was ordered to pay all outstanding joint debts and assume responsibility for all mortgages. Each party was awarded part of the furniture and furnishings, and their personal belongings. No periodic alimony was awarded, but the trial court specifically retained jurisdiction to do so at a future time. On the wife's motion to alter or amend the decree or for new trial, the trial court amended the decree to allow 365 days to sell the Colorado property. The court also ordered that the proceeds from the sale of a portion of the Colorado acreage and the Cullman home be paid one-half to each party when due. The wife appeals.
On appeal, the wife contends that, (1) the provisions for the children were so erroneous as to constitute an abuse of discretion; (2) the reservation of alimony and division of property were unjust and palpably wrong; (3) she should have been awarded part of the Cullman property and the trial court should have considered the trust estate in its property division; (4) the award of attorney's fees was so insufficient in light of actual expenses as to constitute error.
We note that this case is subject to the ore tenus rule and its attendant presumption of correctness. Skipper v. Skipper,380 So.2d 921 (Ala.Civ.App. 1980). We find the trial court's decree in this case to be so unfair to the wife in its overall effect as to overcome that ponderous burden. It shows both palpable error and abuse of discretion.
Child support depends on the needs of the child and the ability of the parent to pay. Spears v. Spears, *Page 124 382 So.2d 572 (Ala.Civ.App. 1980). Considering the property held by the husband, the amount of child support in light of the lack of provisions for medical expenses and life insurance would constitute an abuse of discretion in a normal case. The extenuating circumstance of the son's birth defect in this case makes that abuse gross. That defect requires immediate medical attention and will likely require future correction. Such a burden should not be shouldered by the mother in its entirety. We direct that the trial court order that the husband be responsible for medical insurance coverage for the children as well as any medical expenses in excess thereof. Additionally, we direct the children be made the irrevocable beneficiaries of the father's life insurance policies until their majority.
The husband contends that his separate property should not be considered under § 30-2-51, Code (1975). We find from the evidence, however, that his property, or the income therefrom, had regularly been used for the common benefit of the parties during their marriage, and therefore is due to be considered as marital assets. Dees v. Dees, 390 So.2d 1060 (Ala.Civ.App. 1980). It is undisputed that the husband's various business ventures generated little or no income and that the wife did not work prior to the parties' move to Colorado. Despite these facts, the couple apparently lived well during the majority of their married years. Income from some source was available for living purposes, and the single positive source of such income was the rental property in Cullman, Alabama. The testimony of the wife was that income from the property was used by the family.
The proportion or share of property given to each spouse does not have to be equal, but it must be equitable and graduated according to the nature of the case. Parker v. Parker,392 So.2d 229 (Ala.Civ.App. 1980); Hudson v. Hudson, 391 So.2d 664
(Ala.Civ.App. 1980). An equity court has power to use any reasonable means to effect a just property settlement between the parties. Furlow v. Furlow, 386 So.2d 747 (Ala.Civ.App.),cert. denied, 386 So.2d 749 (Ala. 1980).
As we interpret the evidence, the total estate of the parties, including property inherited by the husband, purchased during the marriage, in trust to the husband, owned jointly or notes receivable, is as follows:
 Commercial rental property in Cullman, Alabama $598,000
Jointly-owned property in Colorado 214,000
Property in Florida 12,000
 Receivable in payments over 15 years from sale of property in Colorado 80,000
 Balance receivable from sale of home in Cullman, Alabama 10,000 --------- $914,000
Less:
 Mortgage owed on some of Cullman property -186,000
 Mortgage owed on Colorado property — 85,000 --------- Net Value $643,000
The trial court gave to the husband all of the Cullman property and the Florida property with a net total value of $424,000. The husband also was given one-half the net proceeds from the ordered sale of the Colorado property. Such sale is calculated to produce the net sum of approximately $120,000-$60,000 to each. He retains one-half of the receivable from the previous sale of the Colorado property, or $40,000, plus interest for fifteen years and one-half of the remaining payments due from the sale of the home in Cullman. There are two payments remaining of $5,000 each, plus interest. The summation is that the husband would retain property valued at $529,000.
The wife would receive one-half the net receipts from the Colorado property, or $60,000, one-half of the balance due from the previous sale of Colorado property and the home in Cullman, or $45,000, for a total of $105,000. In weighing the total decree, the scales drop heavily in favor of the husband.
Mrs. Fuller was married to her husband for eighteen years. This is basically a no-fault divorce with little, if any, wrongdoing. She is forty years old and has only recently *Page 125 
entered a job market that is new and foreign to her. She deserves more for the time spent in this marriage. We find the ordered property division inequitable and unjust to the wife. We reverse the order of the trial court as to property division and direct that the wife, in addition to one-half of the net receipts from the sale of the unsold Colorado property, also be given all of the unpaid balance due from the Colorado property previously sold and all of the unpaid balance due from the sale of the home in Cullman. All of such installments shall be ordered paid to the wife as they become due. The trial court is further directed to order the title to the property in Florida vested in the wife. This award will result in a reduction of the present value of the estate of the husband from $529,000 to $467,000, and an increase to the wife from a present value of $105,000 to $162,000. This award recognizes that some $80,000 due in semi-annual installments from the previous sale of Colorado property is payable with interest over a period of fifteen years.
We affirm the trial court as to its reservation of periodic alimony. This is within the discretion of the trial court and under the husband's circumstances a reservation seems proper until such time as his future plans are more stable.
The final issue on appeal concerns the inadequacy of attorneys' fees which were awarded to the wife in the amount of $1,000. Testimony at trial was that the appraisal fee for the Cullman property was $3,500. We find that such appraisal was a vital and necessary part of the preparation of the wife's case for trial of the issue of a property division. The expense of such an appraisal incurred by her attorneys is properly for consideration in determining attorneys' fees. Cooper v. Cooper, 57 Ala.Civ.App. 674, 331 So.2d 689, 698 (1976). We therefore reverse the $1,000 award and direct the trial court to award $4,500 to the wife as reasonable attorneys' fees. We affirm the decree below in all respects not contrary to this opinion. Judgment below is affirmed in part, reversed in part, and remanded so that the trial court may enter the appropriate orders as directed herein.
We deny further attorneys' fees to the wife on appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur.