BRADLEY, Judge.
This is a divorce case.
The parties to this divorce proceeding were first married in October 1975 and divorced in January 1978. They remarried on November 21, 1978. On January 22, 1985 the wife, Katherine Willmore, filed for divorce against the husband, Charles Will-more, alleging irretrievable breakdown of the marriage. A final decree of divorce was entered on June 18, 1985.
In the divorce decree the trial court awarded the wife as alimony in gross and as a property division the household furnishings in her possession and control, a Sunbird automobile, 8.53 acres of land, a certificate of deposit in the amount of $30,-000, and $6,000 representing the husband’s interest in a promissory note which the husband collected since the parties’ separation. The husband was awarded a certificate of deposit in the amount of $100,000, a twenty acre farm that the parties lived on during their marriage, eight acres of land, several horses, dogs, and various farm equipment.
The husband appeals from the trial court’s order, contending (1) that the trial court abused its discretion in awarding the wife the $30,000 certificate of deposit when the money used to buy the certificate came from the sale of lands that he had acquired previous to the parties’ marriage, and (2) that the trial court abused its discretion in awarding the wife $6,000 when this money came from the sale of land purchased solely by the husband prior to the parties’ marriage.
*595 Since the trial court heard the testimony and observed the demeanor of the witnesses in this case, its findings are presumed correct and will not be overturned on appeal without a showing of an abuse of discretion. Skipper v. Skipper, 380 So.2d 921 (Ala.Civ.App.1980). The division of property and award of alimony are matters within the discretion of the trial court. Evans v. Evans, 434 So.2d 254 (Ala.Civ.App.1982), cert. quashed, 434 So.2d 257 (1983). In making a division of property or award of alimony, the trial court should consider the following factors: source of the property, future prospects of the parties, their ages, health, station in life, length of marriage of the parties, and, in appropriate cases, the conduct of the parties with respect to the cause of divorce. Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App.1980).
The wife is fifty-seven years old and has a seventh grade education. She works as a machine operator, making $3.50 an hour and averaging $124 a week. The husband is sixty-one years old and has a twelfth grade education. He is in the logging business, and raises and sells dogs and horses. He testified that he makes very little money from these ventures. The wife testified that she frequently helps him with the raising and tending of the horses and dogs. Both parties are in good health.
Prior to the parties’ divorce the husband owned two certificates of deposit, one in the amount of $100,000 and the other in the amount of $30,000. The husband testified that these certificates of deposit came from money he received from the sale of his Asbury Farm and another farm, both of which he owned prior to the parties’ marriage. He sold Asbury Farm for $210,000, payable in twenty yearly installments of $21,390, including interest at the rate of eight percent per annum. He also received $23,000 from the sale of the other farm. The husband stated that he had deposited the proceeds from these sales into the certificates of deposit. At the time of the divorce the husband had received seven of the twenty installments from the sale of the Asbury Farm. The wife testified that she had not contributed any money to the certificates.
The husband contends that the $30,-000 certificate of deposit awarded to the wife was his separate property, acquired before the parties’ marriage, and that, pursuant to section 30-2-51, Code 1975, such property could not be awarded to the wife. However, where property acquired prior to the marriage is regularly used for the common benefit of the parties, it may be considered by the trial court in dividing property and awarding alimony. Wilson v. Wilson, 404 So.2d 76 (Ala.Civ.App.1981); § 30-2-51, Code 1975. Although the trial court made no finding under section 30-2-51, we conclude that there was evidence that the property in question was used for the common benefit of the parties. Fuller v. Fuller, 418 So.2d 121 (Ala.Civ.App.1981), writ quashed, 418 So.2d 125 (Ala.1982); Wilson v. Wilson, supra.
The husband testified that his logging business and horse and dog raising businesses made very little money. In fact, he stated that his business did not make even enough to pay his taxes. At one point the husband had to use the interest income from the certificates of deposit to pay the parties’ taxes. The parties’ income taxes reflected little or no income received from the husband’s business. The major sources of income reported on the parties’ income tax returns were income earned from the sale of some of the husband’s property and interest income from the certificates of deposit. Yet, the husband testified at other times that he made enough money from his business to meet the parties’ expenses and he never used any of the certificates of deposit or interest therefrom to pay for any of the parties’ living expenses. The conflict in the evidence and testimony was apparent and was for the trial court to resolve. Cooley v. Cooley, 45 Ala.App. 461, 231 So.2d 915 (Ala.Civ.App.1970). The trial court could have reasonably concluded that the parties did use some of the money received from the sale of husband’s property to pay part of their living expenses. Therefore, we find no abuse of discretion *596 by the trial court in awarding the wife the $30,000 certificate of deposit.
The husband’s final contention is that the award to the wife of $6,000 which he received as payment on a note was error. We disagree.
The record reveals that the husband purchased approximately fourteen acres of land in 1978. The husband paid the full purchase price for this property, the wife making no investment therein. In 1979 this property was sold to Kenneth Warren, who then signed a mortgage and a promissory note for the property. The mortgage and note were made out to the wife and husband for the sum of $20,000, payable in twenty semi-annual installments. The trial court awarded the wife $6,000 out of the amount that the husband had received in payment of the note since the parties’ separation.
The husband contends that the award of $6,000 was error because he alone paid for the property, and he owned the property prior to the parties’ marriage. Thus, he contends, the trial court was required to disregard the above mortgage and note in making its award of alimony and division of property. However, in this case the note was payable to both parties, and the mortgage was held in both parties’ names. Therefore, the payments pursuant to the note were the property of both parties and subject to consideration by the trial court in rendering its divorce decree. Isham v. Isham, 464 So.2d 109 (Ala.Civ.App.1985); Campbell v. Campbell, 51 Ala.App. 295, 285 So.2d 105 (Ala.Civ.App.1973). Moreover, whether the property was actually acquired prior to the parties’ marriage was uncertain. Given the above, we find that the trial court did not abuse its discretion in awarding the wife $6,000 received by the husband from Mr. Warren.
The trial court’s order is in all respects affirmed.
Wife’s request for attorney's fee is granted in the amount of $400.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.