This is a divorce case. *Page 73 
The wife appealed after the entry of a final judgment. She contends (1) that the award to her of alimony in gross and the division of property as made by the trial court were inequitable and palpably wrong, (2) that the trial court should have awarded periodic alimony to her, (3) that either joint custody or primary custody of the two children of the parties should have been granted to her, and (4) that the trial court should have ordered the husband to pay her attorneys' fee at the trial level.
Both parties were well represented in the circuit court and each is ably represented by different counsel upon this appeal. We are appreciative of helpful briefs from both sides.
 I.
When his mother died in 1982, the husband inherited assets from her which he valued at $655,000, not including loans which she had made to him and gifts from her. Such loans and gifts totaled somewhere between $183,500 and $612,869. One cannot read and study the entire transcript without reaching the inescapable conclusion that no attempt has been made, or ever will be made, to collect those "loans," for he was evidently the beneficiary of his mother's residual estate. Those inter vivos gifts and loans were used for his business ventures, each of which failed except for a motel, for the down payments on the purchase price of various homes for the parties over the years, and for their actual family living expenses up until the motel became profitable in 1982. Until then, the parties were greatly subsidized by his mother, since neither the husband nor the wife basically made any money until 1982.
The motel was purchased by the husband's corporation for $350,000 in 1972. The purchase price was financed through a $100,000 "loan" from his mother, and $250,000 was borrowed from a bank, with a mortgage upon the property being given to the bank. During the twelve years that his corporation owned and operated the motel, his mother "loaned" $45,000 to him for motel operating expenses. The motel was sold in 1984 for $815,000, with a substantial down payment being made at that time. The balance was secured by a mortgage to the husband's corporation whereby the principal amount of $685,000 together with interest at the rate of ten percent per year would be payable at the rate of $6,310 each month for twenty years. The bank loan was partially satisfied over the years from payments from motel receipts. The down payment from the motel sale was used to satisfy the balance due on the motel bank mortgage and other debts of the motel. Both parties did some work in and for the motel, the extent of the wife's efforts being in dispute.
An adjoining lot to the motel, upon which was situated a service station valued at $50,000, was not sold with the motel and is still owned by the husband's corporation.
The down payment of $26,000 upon the last marital home of the parties was entirely paid by the husband's mother. Their present equity in the home is about $65,000.
The wife had already inherited from her parents, or will receive as her share when their estates are closed, a total of between $127,000 and $137,000.
Prior to their marriage, which lasted seventeen years, the wife worked as an executive secretary. She has not sought nor interviewed for regular employment since their separation. She is forty-two years of age and is in excellent health.
The husband is a healthy, fifty-five year old, semi-retired man. His personal and corporate debts total about $80,000. He did not desire a divorce.
Both parties were at fault regarding the failure of the marriage. However, the wife's indiscretions were more numerous and some of them were of more recent vintage than the husband's only affair.
After an extended ore tenus trial, a judgment was rendered as to a division of property and alimony in gross, whereby the husband received, generally, (a) the parties' former marital home, with him being responsible *Page 74 
for the mortgage indebtedness against it, (b) the proceeds from the motel sale, including the mortgage, (c) the service station property, (d) all assets inherited from his mother and all investments which he has made from those proceeds, (e) bank accounts and an IRA, all of which total about $18,500, and (f) an airplane, three boats, and three vehicles. The husband was required to pay all family debts and obligations which existed at the time of their separation.
The household furniture, appliances, and goods were divided between the parties, and each received certain jewelry. In addition to those items, the wife was awarded one vehicle, all property which she inherited from her parents, and $80,000 from her husband as alimony in gross. Hence, the claims of the wife of inadequacy and abuse of discretion.
The husband contends that none of his 1982 inheritance from his mother could be awarded to the wife under section 30-2-51, Code 1975. However, under that section, where property which is acquired through inheritance or gift is regularly used for the common benefit of the parties, it may be considered by the trial court in dividing property and in awarding alimony.Willmore v. Willmore, 489 So.2d 594 (Ala.Civ.App. 1986). Although the trial court made no finding under section 30-2-51, we have read the entire lengthy transcript a number of times, and there was no evidence that any of the property which the husband inherited from his mother, or any income therefrom, was used for the common benefit of the parties. Accordingly, that inherited property may not be considered in making an allowance to the wife from the husband's estate.
The inter vivos gifts and "loans" as made by the husband's mother to him were largely lost through his business ventures or were expended in years past. Nevertheless, the present home of the parties and a few other assets so acquired through such gifts or "loans" are still existent and may be considered in making an award to the wife, although such other existing assets are somewhat inconsequential when compared to his total inheritance.
The motel profits after 1982 and the motel's mortgage payments of $6,310 each month were both used as family living income. Accordingly, there is no question but that the $685,000 motel mortgage may be considered in making the wife's allowance.
 "Since the trial court heard the testimony and observed the demeanor of the witnesses in this case, its findings are presumed correct and will not be overturned on appeal without a showing of an abuse of discretion. Skipper v. Skipper, 380 So.2d 921
(Ala.Civ.App. 1980). The division of property and award of alimony are matters within the discretion of the trial court. Evans v. Evans, 434 So.2d 254
(Ala.Civ.App. 1982), cert. quashed, 434 So.2d 257
(1983). In making a division of property or award of alimony, the trial court should consider the following factors: source of the property, future prospects of the parties, their ages, health, station in life, length of marriage of the parties, and, in appropriate cases, the conduct of the parties with respect to the cause of divorce. Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App. 1980)."
Willmore, 489 So.2d at 595. While the division of property does not have to be equal, it must be equitable. Mack, 389 So.2d at 1159. Although this court gives great credence to the exercise of discretion by a trial court in dividing property, the decision of the trial court will be set aside on review where that discretion is exercised arbitrarily. Mack, 389 So.2d at 1158.
After a careful consideration of all of the evidence, including but not limited to the wife's employment skills, the length of the marriage, the sources from which the parties acquired assets, whether particular assets may be considered in making an award, and the relative fault of the parties, we conclude that the learned trial court was palpably wrong. Although the husband's net worth approximated $1,500,000, if only the motel mortgage, the service *Page 75 
station lot, and the equity in the home are considered in making an award to the wife, those three items have a total value of about $790,000, and the award to the wife by the trial court was for only $80,000.
Under all of the circumstances of the case, at least $150,000 should have been awarded to the wife as alimony in gross, and we reverse that aspect of the case. That aspect of the judgment awarding alimony in gross is remanded to the trial court for entry of a judgment not inconsistent with this opinion.
 II.
The trial court did not award periodic alimony to the wife. However, the wife did not desire such alimony as long as she received a fair division of their property. Since we have determined that the alimony in gross award which we have granted to the wife is reasonable under the circumstances, and since that $150,000 along with her inheritance of around $130,000 will provide her with a separate estate which should be sufficient for her proper maintenance if it is reasonably used, invested, and managed by her, we do not deem that an award of periodic alimony is now required under section30-2-51. There being no abuse of discretion, we affirm as to this issue.
 III.
Both parties were declared by the trial court to be fit and suitable persons to have the custody of their two sons, who were fourteen and ten years of age. There was evidence that, when the wife left the home at the time of the separation, the children informed her not to move their furniture as they were staying in the home. The husband testified that he had always cooked sixty percent of their meals and that he took care of the children sixty percent of the time during the last two years. While he spent some time in Florida on business trips before the divorce, there was no evidence that, thereafter, he would be separated from his sons as much.
A child custody award in a divorce case is a matter which lies within the sound discretion of the trial court and, under the ore tenus rule, this court will presume that the trial court correctly applied its discretionary authority to adjudge the children's best interests. Cole v. Cole, 442 So.2d 120
(Ala.Civ.App. 1983). There was no abuse of discretion, and the trial court was not palpably wrong in awarding the primary custody of the two minor sons to the husband. The judgment as to custody being supported by the evidence, we must affirm that portion of the final judgment. Cole, supra.
 IV.
The trial court did not award an attorney's fee to the mother's counsel. That matter was within that court's discretion and we find no abuse thereof. In any event, we are required to affirm for another reason since, although her trial attorney stated to the trial court the number of hours which he had expended upon her case, there was no testimony as to the reasonableness of a fee for those legal services. A trial court will not be reversed for failing to grant such relief in the absence of such evidence. Hawkins v. Harvey, 481 So.2d 907
(Ala.Civ.App. 1985); Lewis v. Lewis, 416 So.2d 755
(Ala.Civ.App. 1982). That aspect of the judgment is affirmed.
The husband shall pay to the wife the sum of $2,000, which shall be applied upon her fee for the services of the attorneys representing her upon this appeal.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
All the Judges concur. *Page 76