BRADLEY, Presiding Judge,
dissenting:
I respectfully dissent. In the majority’s opinion, they find no abuse of discretion in the court's awards of property, alimony, and attorney’s fees. Consequently, they “find no error requiring reversal.”
After examining the record I must disagree as to that part of the court’s order dividing the marital property.
The evidence presented at the hearing indicates that the wife is forty-eight years of age and is not presently employed. Other than teaching dance for nine months in 1983, she has not been employed since 1967. Additionally, the wife suffers from high blood pressure and underwent quadruple by-pass heart surgery in 1986.
The wife testified that she currently receives approximately $1,500 per month in income. This amount excludes child support paid to her by her previous husband. The wife testified, however, that this separate income was never used for the common benefit of the marriage but, rather, to support her three children by a previous marriage.
According to the record, this separate income will decrease in the next few years as a mortgage and lien on two parcels of property, from which the wife receives income, will be paid.
The wife’s expenses approximate $1,760 per month. She further maintains that during the course of the parties’ marriage she was supported by her husband, who allowed her to become accustomed to a lifestyle which included membership at the country club, tennis and lunch with the girls, and trips.
Although the record evidences that the husband’s weekly salary is only $365, his land holdings and his fifty-one percent interest in a family-owned construction busi *734 ness result in the husband’s having a net worth of between $1,600,000 and $3,000,-000.
Our review of the record indicates that substantially all of the husband’s assets have been used at one time or the other and in one form or another for the common benefit of the parties and are, therefore, marital property not subject to the restrictions of section 30-2-51, Code 1975. Smith v. Smith, 423 So.2d 884 (Ala.Civ.App.1982).
After careful consideration of all the testimony and exhibits, I must conclude that the trial court’s property division reflects an abuse of discretion. Pursuant to the divorce decree, the wife receives one-half the personal property acquired during the marriage, one-half the net proceeds from the sale of the house, and a D-8 bulldozer valued at $14,000 (which will be of little or no value to the wife, who has never worked in the construction business).
In view of the wife’s health, her lack of employable skills, the standard of living to which she has become accustomed, the anticipated decrease in her independent income, as well as the husband’s income and station in life, I would find the court’s division of property so inequitable as to constitute an abuse of discretion. Golson v. Golson, 471 So.2d 426 (Ala.Civ.App. 1985).
A trial court, when making a property division, is to consider the parties’ ages, health, future employment prospects, station in life, marriage length, and, in proper cases, fault. Tate v. Tate, 477 So.2d 426 (Ala.Civ.App.1985). I opine that the evidence reflects an award that failed to adequately consider these factors. As such, the award is inequitable and should be reversed. Wilson v. Wilson, 404 So.2d 76 (Ala.Civ.App.1981).
Additionally, I would reverse and remand the case for a redetermination on the issue of the fees paid to the wife’s experts. The trial court directed that the wife be responsible for the indebtedness resulting from her retaining a real estate appraiser and an accountant.
The trial of this case lasted for three days. At trial, the husband apparently utilized the product of both the wife’s accountant and real estate appraiser, as both he and his accountant testified from documents prepared by the wife’s accountant.
We have said in a divorce action the fees paid to experts can be considered when determining the amount of attorney’s fees to be awarded. Fuller v. Fuller, 418 So.2d 121 (Ala.Civ.App.1981); Cooper v. Cooper, 57 Ala.App. 674, 331 So.2d 689 (Ala.Civ.App.1976). Further, this court has allowed such fees to be paid directly to the expert rendering the service in the trial of the divorce action. Andrews v. Andrews, 454 So.2d 1026 (Ala.Civ.App.1984); Howard v. Howard, 422 So.2d 296 (Ala.Civ.App.1982). If determined to be necessary and vital to the preparation of the case and reasonable in amount, the expense of these fees can be allowed, because the fees of an expert can be as necessary to the preparation of a case as are attorney’s fees. Howard, supra; Fuller, supra.
In light of the above, I would reverse that portion of the decree which directs the wife to be responsible for the indebtedness to the accountant and to the real estate appraiser and remand to the trial court to consider the reasonableness and necessity of the fees for these experts.