This appeal results from the court's judgment divorcing the parties, Diane Dobbs and Dan Dobbs.
Following a hearing in which evidence was presented ore tenus, the trial court entered a judgment divorcing the parties on the ground of incompatibility and disposing of their property. The wife, Diane Dobbs, has appealed from the judgment, maintaining that the court's award to her of property, or alimony in gross, is inadequate. Further, she asserts that the court's decision to deny her periodic alimony and an attorney's fee is in error.
Wife also requests an attorney's fee on appeal.
The parties were married in June 1974. This was both parties' second marriage. Although there were no children born of the marriage, the husband already had four adult children from his first marriage. The wife likewise had two daughters from her first marriage, both of whom grew up in the home of the parties. Husband is fifty-nine; wife is forty-two.
Husband worked with the United States Postal Service until his retirement in January 1987. He was also in the Alabama National Guard during the marriage and was eligible for retirement in November 1987. Wife currently works for the Postal Service. Although her hours are flexible, she is not a temporary employee.
At the time of the parties' marriage, husband owned a home into which the couple moved. The wife owned a one-half interest in a farm for which she paid $9,000. After living in the home originally owned by husband for about three years, the parties traded the house for their current marital residence.
The parties also purchased the other one-half interest in the farm, sold it, and then invested the equity into their current home. Consequently, the individual pieces of real property owned by both spouses at the time of the marriage were used for the common benefit of the marriage.
We also note that during the parties' marriage husband began farming and acquired both equipment and livestock.
With these facts in mind, we examine the court's disposition of the marital property. That disposition was essentially as follows. Husband was awarded the farming equipment, two trucks, one car, two boats, one IRA, one-half of the parties' tax refund, *Page 623 
and the equity in the parties' home less an amount paid out to the wife. He was also ordered to pay certain debts.
The wife was awarded some furniture, a riding lawnmower, one truck, one car, one IRA, a certificate of deposit, one-half of the parties' tax refund, and $16,600 from the real estate. She too was ordered to pay some debts.
We note that the appraised value of the home and real estate of the parties was approximately $92,500. No debt exists on the property. Husband was awarded the property after he extinguished a $4,200 debt for the installation of a new heating and cooling system and after he paid out $16,600 to the wife.
The home of the parties constitutes the major asset of the marriage. However, simply because the property division favors one party over the other, that alone does not indicate an abuse of discretion. Puckett v. Puckett,437 So.2d 1298 (Ala.Civ.App. 1983). Moreover, "an award of the homeplace to one party, when that asset is virtually the entire marital property, is not necessarily an abuse of discretion." Crippen v. Crippen, 485 So.2d 335
(Ala.Civ.App. 1986). In short, the settled rule is that the division of property need not be equal, only equitable.Isham v. Isham, 464 So.2d 109 (Ala.Civ.App. 1985).
As we stated previously, this is both parties' second marriage. Wife has a good job and is in good health. Likewise, she is considerably younger than husband. We recognize that wife contributed to the marriage not only by her income but also by helping maintain the house and helping out with the farm. However, there was also testimony from a neighbor that husband similarly contributed to home maintenance.
Additionally, husband worked with the Postal Service and served in the Guard. He made all the car, house, and utility payments and took care of farm expenditures. In fact, he testified that on one occasion he even gave the wife $4,000 because she felt he was spending too much money on the farming operation. In view of these facts, we cannot find the bulk of the court's property award to be an abuse of discretion. Isham, supra.
We do, however, find that the court's award of one of the IRA's to husband was in error. The testimony concerning the two IRA's was that wife had used her one-half of the tax proceeds from two previous years to purchase both of them. Husband also testified that the IRA's belonged to the wife and that he would do whatever it took to turn them over to her.
We have held that "[p]roperty over which a wife exercises exclusive dominion and control and from which the husband is excluded, having derived no benefit therefrom by virtue of the marital relationship, constitutes the wife's 'separate estate.' " Wren v. Wren, 482 So.2d 1219
(Ala.Civ.App. 1985). The IRA being the wife's exclusive property and the husband having derived no benefit therefrom, the court erred in awarding it to the husband. Consequently, we affirm the court's property division except for that portion awarding one IRA to the husband.
Wife next contends that the court erred in denying her periodic alimony and an attorney's fee. Both matters are within the discretion of the trial court. Dowdy v.Dowdy, 473 So.2d 1091 (Ala.Civ.App. 1985); Isham,supra. The record indicates the husband has now retired from the Postal Service and the Guard. In addition to his monthly retirement benefits, he was awarded a substantial lump-sum retirement benefit from the post office. However, as we previously mentioned, wife has a good job with the Postal Service and is in good health. In view of these facts, we find no abuse of discretion in the court's decision to deny alimony. Likewise, we find no abuse in the denial of an attorney's fee.
Wife's request for attorney's fee on appeal is denied.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur. *Page 624