L. CHARLES WRIGHT, Retired Appellate Judge.
Following an ore tenus proceeding the Circuit Court of Tuscaloosa County entered a final divorce decree and ordered a division of the parties’ property. The husband appeals, contending that the trial court abused its discretion in dividing the property of the parties and in assessing him with a $600 marital debt.
*408 The record reflects that the parties were married for approximately eight years. They are both sixty-six years old. The wife complains of hardening of the arteries. The husband is in good health. He is a computer expert and teaches at the University of North Alabama. The wife formerly operated a business she inherited from the estate of her first husband. That business is either defunct or no longer profitable. The divorce was granted for incompatibility-
In its final decree the trial court awarded the wife the parties’ condominium, with the obligation to assume the mortgage against it. The court ordered an equal division of the parties’ joint Merrill Lynch account. Certain personal property not pertinent to this appeal was divided between the parties. The court found both parties to be self-sufficient and self-supporting, without the need for alimony. Both parties were to be responsible for their individual debts and attorneys’ fees.
The wife filed a motion to alter, amend, or vacate judgment, asserting that the court inadvertently omitted certain items pertinent to the dissolution of the marriage. Specifically, she stated that the court failed to make specific provisions regarding the division of the municipal bonds in the parties’ Merrill Lynch account and failed to provide for assessment of a $600 accounting bill incurred for services rendered in the preparation of the parties' 1985 income tax return. Following a hearing on the motion the court amended its order. By the amendment the wife was awarded City of Mobile industrial bonds. The husband was awarded City of Huntsville bonds, and ordered to pay the accounting debt. Thereafter, the husband filed a motion to alter, amend, or vacate judgment, which was denied. He appeals from that denial.
I.
Initially, the husband contends that the division of property was inequitable. He specifically asserts that the division of the Merrill Lynch bonds was “unequal and inequitable” in that the bonds awarded the wife were appraised at approximately $10,-000 more than the bonds he was awarded.
The division of property is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986). When a trial court is presented the evidence ore tenus, its judgment on the facts will be presumed correct if supported by the evidence. Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985).
Each case is decided on its own facts and circumstances. The division of property need only be equitable, not equal. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App.1988). A division of property which favors one party over the other does not alone indicate an abuse of discretion. Dobbs v. Dobbs, 534 So.2d 621 (Ala.Civ.App.1988).
Given the facts and circumstances of this case, we cannot say that the trial court’s division of the Merrill Lynch bonds was so inequitable as to constitute an abuse of the trial court’s discretion. Furthermore, the record reflects that, while the parties were divorced but the marital property not yet divided, the husband wrote a $9,800 check out of the Merrill Lynch account to pay for his personal taxes. The trial court apparently took this into consideration. We find no error.
II.
■ The husband asserts that the trial court erred in requiring him to pay the 1985 accounting debt. His argument is without merit.
Initially the trial court held each party responsible for his or her own debts. There was evidence elicited at the hearing on the wife’s motion to alter, amend, or vacate judgment that the $600 accounting debt was incurred by the parties in the preparation of their 1985 tax return. The trial court amended its order and determined that the debt was a joint marital debt and that the husband should be responsible for it. It was well within the trial court’s prerogative to amend the origi *409 nal decree to conform to the evidence. We find no error.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status ás a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.