550 So.2d 423 (1989)
Caroline Hoover CURRIE
v.
John Paul CURRIE.
Civ. 6798.
Court of Civil Appeals of Alabama.
June 28, 1989.
Rehearing Denied August 2, 1989.
*424 David R. Boyd and W. Joseph McCorkle, Jr. of Balch & Bingham, Montgomery, and J. Michael Conaway, Dothan, for appellant.
Joe C. Cassady of Cassady, Fuller & Marsh, Enterprise, for appellee.
INGRAM, Presiding Judge.
Nine months after the conclusion of the ore tenus proceeding, the Circuit Court of Coffee County in December 1987 entered a final decree divorcing Caroline Hoover Currie from John Paul Currie on the grounds of incompatibility. No fault was ascribed to either party. The decree awarded alimony, child support, property, and custody of the parties' two children to the wife. She appeals from this decree. We would note that the wife's "Motion to Correct Record on Appeal and Exhibits Thereto" filed with this court was granted and considered as a part of the record in this case.
The wife raises two issues for our review. She initially contends that the trial court's division of the parties' sizable estate was disproportionate so as to constitute an abuse of discretion. This contention is based upon evidence that the wife received only a fraction of the parties' estate, which was estimated to be worth between $800,000 and $1.5 million at the time of the divorce. She also complains that the awards of alimony and child support were inequitable. This complaint is based in part upon evidence that the wife's monthly support payments amounted to approximately one-fourth of the husband's average monthly take-home pay for the years 1985 and 1986.
We note at the outset that awards of alimony, child support, and property are matters which fall within the discretionary power of the trial court. Jones v. Jones, 454 So.2d 1006 (Ala.Civ.App.1984). We would further note, however, that the exercise of that discretion is predicated upon equitable principles and is thus subject to reversal upon review if found to be arbitrary and capricious. Dees v. Dees, 390 So.2d 1060 (Ala.Civ.App.1980).
Under the terms of the decree, the trial court ordered the husband to remain solely responsible for all marital indebtedness incurred by the parties on or before October 7, 1985; to maintain the wife's hospitalization policy for one year; to maintain the children's hospitalization policy; and to pay the children's medical, hospital, doctor, and drug expenses.
The wife was awarded $643.00 in periodic alimony, $1,470.65 in child support to be reduced pro rata, i.e., $735, when the older son reaches majority; one-half of the proceeds from the sale of the marital residence; one-half of the parties' 1986 income tax refund; an equitable share in the parties' household furnishings and miscellaneous personal property; and $12,274 in attorney's fees.
Stated more succinctly, the wife was awarded $2,113.65 per month in support, i.e., $25,363.80 per year, until the parties' sixteen-year-old son reaches majority. She was also awarded approximately $38,000 in liquid assets, i.e., $28,667.42 from the sale of the marital residence and $9,068.50 from the 1986 income tax return. The remaining marital assets, which in 1986 produced a gross income of around $234,000 and an adjusted gross income of around $72,000, were awarded to the husband. These assets, which were for the most part in the husband's name, included a jointly owned (with his wife) Merrill Lynch account worth $19,933, an E.F. Hutton account worth $20,400, ARKLA stock valued at $4,960, *425 and three outstanding promissory notes valued at approximately $17,000, $81,000, and $176,000, respectively. Combined payments on the latter two notes amount to $5,286.03 per month through 1991. In addition to the aforementioned income-producing assets, the husband appears to have owned a complete interest in mini-warehouses located in Alabama valued at $17,382.94, a $69,000 one-half interest in mini-warehouses located in North Carolina, a $50,000 one-half interest in commercial property located in Enterprise, a $30,000 one-half interest in a waterfront beach house located in Panama City, and a $34,820 limited partnership interest in a housing project located in Tupelo, Mississippi. He also owned ten life insurance policies with a total face value of $271,500, and 15,000 shares of Southland Broilers, Inc., stock, which the wife valued at $870,000 and the husband valued at $375,000. All totaled, the estate appears to be worth between $800,000 and $1.5 million, depending upon which stock valuation is accepted as accurate. Even if the husband's lower valuation is accepted as true, the wife's share of the assets would still amount to less than five percent of the marital estate.
The wife contends that she is entitled to receive an interest in these assets. The husband, arguing to the contrary, maintains that the aforementioned assets were not part of the marital estate and thus are not subject to division. This argument is based in part on allegations that these assets were either inherited or purchased with inherited funds and kept separate and apart from use for the common benefit of the marriage.
Section 30-2-51, Code of Alabama 1975 (1983 Repl.Vol.), provides that property acquired through inheritance or gift which is regularly used for the common benefit of the parties during the marriage may be considered by the trial court in dividing property and in awarding alimony. Marsh v. Marsh, 496 So.2d 71 (Ala.Civ.App. 1986). For the provisions of this section to apply, however, the evidence must reveal that a spouse either has no separate estate or that her separate estate is insufficient for the maintenance of such spouse.
Review of the record here reveals that the wife had no separate estate. The record also reflects that the husband was the sole provider of income for the family. The monies he earned from his investments were placed in an account from which the parties' living expenses were paid. There is no evidence that the monies derived from these investments were kept separate and apart. In fact, the record is replete with evidence to the contrary. The parties' income tax returns from 1983 through 1986 show that the income received during these years was derived almost exclusively from investments. The wife clearly obtained benefits from the assets in question by virtue of the marital relationship. Consequently, we find that the aforementioned assets were part of the marital estate and should have been considered by the trial court when awarding alimony, child support, and property.
We now turn to a brief discussion of factors pertinent to a proper or equitable division of the marital assets.
Each case is decided on its own peculiar facts and circumstances. Criteria which should be considered by the trial court when awarding alimony and dividing property include the length of the parties' marriage, their ages, health, station in life, and future prospects; the source, value, and type of property owned; the standard of living to which the parties have become accustomed during the marriage and the potential for maintaining that standard; and, in appropriate situations, the conduct of the parties with reference to the cause of divorce. Hammond v. Hammond, 500 So.2d 27 (Ala.Civ.App.1986); Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986). Criteria which should be considered when awarding child support include the needs of the children and the parent's ability to pay. Waltman v. Waltman, 480 So.2d 594 (Ala. Civ.App.1985).
Keeping the foregoing criteria in mind, the record reveals the following pertinent facts: The parties were married in *426 1969 and lived together as man and wife approximately fifteen years. They separated in 1984. The wife is forty, and the husband is fifty. Both appear to be in fairly good health. The parties have two sons, ages sixteen and thirteen, both of whom suffer from learning disabilities which require special attention. As noted, the decree awarded custody of the children to the wife.
At the time of the marriage in 1969, the husband worked with his father and brother-in-law at Currie & McCreary Oil Company in Enterprise. When his father died in 1982, he sold his interest in the business to his brother-in-law. From this point on, he has not been employed in the traditional sense. He has worked instead as a self-employed "investor," overseeing the various investments he made over the course of the parties' marriage. In view of his background, work history, and valuable assets, the husband appears capable of maintaining in the future the high standard of living he enjoyed throughout most of the parties' marriage. Conversely, the wife's future prospects, in contrast to the husband's, appear somewhat bleak, in view of the fact that she lacks any kind of job training and has no source of income outside the marital estate. Prior to the parties' marriage, the wife worked as a stewardess for Delta Airlines. However, from 1969 until the parties separated, the wife did not work outside the home. Over the course of the marriage, the wife did make significant contributions to the family unit by performing the functions of a homemaker and raising the parties' two children. She also helped raise the husband's son by a previous marriage when he came to live with them.
The wife lacks a college education and any kind of marketable skills. Consequently, the only jobs for which she appears qualified pay minimum wage.
The wife does not have a separate estate. Despite this fact, she was awarded only a fraction of the parties' substantial estate, which was accumulated over the life of the marriage. There was evidence that the estate was worth between $800,000 and $1.5 million. The wife's portion of the property division was valued at approximately $38,000. This represents less than five percent of the marital estate, even when the estate's worth is viewed in a light most favorable to the husband.
We are aware that a property division does not have to be equal and that a property division which favors one party over the other does not, in and of itself, indicate an abuse of discretion. Prestwood v. Prestwood, 523 So.2d 1071 (Ala.Civ.App. 1988); Dobbs v. Dobbs, 534 So.2d 621 (Ala. Civ.App.1988). We nevertheless find, after considering this factor along with other relevant criteria, such as the parties' standard of living throughout most of their marriage and the parties' respective financial positions and future prospects, that the trial court's disposition of the marital property amounted to an abuse of discretion.
The wife also asserts that the award of alimony and child support were inequitable in view of the husband's present income and future prospects. Even though the award of periodic alimony and child support for the two learning-disabled children only amounts to about one-fourth of the husband's average monthly income for the years 1985 and 1986, we cannot say that this is such an abuse of discretion as to warrant reversal in this aspect of the case, in light of the attendant presumptions which accompany the trial court's findings in a divorce case. We affirm as to the periodic alimony and child support awards.
As to the property awarded to the wife, we find that the trial court abused its discretion. The wife is entitled to a more equitable distribution of the marital assets for the time spent in this marriage. We reverse that part of the trial court's judgment concerning the property award to the wife by directing the trial court to further award to the wife the entire Merrill Lynch account ($19,933) and 7,000 shares of Southland Broilers, Inc., stock. This award shall be in addition to the trial court's award to the wife of $28,667.42 from the sale of the marital residence and in addition *427 to the $9,068.60 from the 1986 income tax refund.
The wife's request for attorney's fees on appeal is granted in the amount of $1,000.00.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
ROBERTSON, J., concurs.
RUSSELL, J., concurs in part and dissents in part.
RUSSELL, Judge (concurring in part and dissenting in part).
I concur in that part of the majority opinion that upholds the trial court's award of periodic alimony and child support. I also concur with the majority that the trial court abused its discretion in the distribution of the assets, especially in view of the husband's admission that the income from certain inherited properties was used to support the family. However, as concerns the manner of distribution of the assets, I must dissent.
Here, it appears from the record that the Southland Broiler Corporation is a subchapter S corporation. However, little else is revealed as concerns the structure of the corporation. I find that to arbitrarily divide the stock of such a corporation could result in a material change in the control of the corporation, and its legal structure as well, which could stand to injure both the husband and the wife, as well as third party stockholders. Also, the final decree of the trial court was issued in December 1987, and since that time material changes could have already occurred in the value of the assets which the majority elects to distribute to the wife to such an extent that another inequitable distribution could result. Therefore, I would remand the case to the trial court with instructions to make a more equitable division of the assets.