I concur in the main opinion insofar as it affirms the trial court's finding that the wife engaged in an "extramarital relationship" and the trial court's calculation of the husband's child-support obligation. I dissent, however, from that part of the main opinion that reverses the trial court's property division and its reservation of whether to award periodic alimony to the wife.
"It is well settled that trial judges enjoy broad discretion in fashioning divorce judgments." Ex parte Bland, 796 So.2d 340,343 (Ala. 2000).
 "`In reviewing the trial court's judgment in a divorce case presented ore tenus, we will presume the judgment to be correct until it is shown to be plainly and palpably wrong or unjust. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).'"
Id. (quoting Ex parte Jackson, 567 So.2d 867, 868 (Ala. 1990)). Issues concerning alimony and the division of marital property rest within the trial court's discretion, and rulings on those matters will not be disturbed in the absence of a plain and palpable abuse of discretion. Welch v. Welch, 636 So.2d 464
(Ala.Civ.App. 1994). Matters of alimony and property division are interrelated, and a reviewing court must consider the entire judgment in determining whether the trial court abused its discretion on either issue. Willing v. Willing, 655 So.2d 1064
(Ala.Civ.App. 1995).
 "Each case is decided on its own peculiar facts and circumstances. Criteria which should be considered by the trial court when awarding alimony and dividing property include the length of the parties' marriage, their ages, health, station in life, and future prospects; the source, value, and type of property owned; the standard of living to which the parties have become accustomed during the marriage and the potential for maintaining that standard; and, in appropriate situations, the conduct of the parties with reference to the cause of divorce."
Currie v. Currie, 550 So.2d 423, 425 (Ala.Civ.App. 1989).
Although both parties have had significant medical problems in the past, there was no testimony that the wife currently suffers from any disabling condition that would prevent her from working. The trial court specifically found that the wife "is a licensed real estate agent and is capable of earning income in the real estate field." That finding is fully supported by the evidence. The only impediment to the wife's ability to earn is her responsibility for the care of the parties' daughter. The trial court ordered the husband to pay *Page 890 
the wife $600 per month for the support and maintenance of the daughter, to cover the daughter on his health-insurance policy, and to be responsible for all travel expenses associated with the daughter's periodic emergency trips to the Mayo Clinic or other health providers. In light of the undisputed evidence that the daughter's condition is terminal and that she has far exceeded the life expectancy of one with her medical problems, the trial court was authorized to conclude that the husband's responsibility for the daughter would be relatively short-lived and that, during the daughter's lifetime, the wife was capable of supporting herself and did not need periodic alimony. That conclusion is borne out by the evidence adduced at trial. The record indicates that immediately before the parties' separation, the wife was scheduled to receive a $130,000 commission upon the closing of a sale of a parcel of real property. That sale fell through, however, because, among other reasons, the husband confronted the wife and the buyer with his suspicion that the two of them were having an affair. Although the trial court made no finding with respect to the husband's ability to work, the evidence tended to show that the husband suffers from knee pain and that his working years in construction are limited. The husband testified that he planned to retire soon and live on his firefighters' pension. The trial court could have considered that the husband is eight years older than the wife, that he had worked two jobs throughout the marriage, that he had incurred a large debt to launch the wife's real-estate career, and that the wife was not entitled either to a share of his pension or to periodic alimony.
I conclude that not only was the trial court's division of the marital property equitable, but also that it was substantially equal. I do not believe that the court exceeded the limits of its discretion either by failing to divide the husband's retirement benefits or by reserving the issue of periodic alimony. See Exparte Foley, 864 So.2d 1094 (Ala. 2003); Ex parte Bland,796 So.2d 340 (Ala. 2000). The trial court specifically found that the wife had engaged in marital misconduct. It is immaterial that the trial court did not, as the main opinion points out, "specifically state in its judgment that it based its property division on a finding that the wife participated in an `extramarital relationship.'" The trial court may, of course, consider marital misconduct in determining the division of the marital estate and in deciding whether to award periodic alimony.See Currie v. Currie, supra, I believe that, in light of the trial court's specific finding of misconduct by the wife, this court should defer to the trial court's judgment. In addition, however, I believe the evidence provides another basis for presuming the judgment is correct. Although the wife's employment opportunities have been limited by the parties' mutual decision to have the wife care for the parties' adult dependent daughter, the trial court could have found that, to compensate for that fact, the husband worked at two or more jobs throughout the marriage and that he expended large sums of money and incurred a sizeable debt to launch the wife's real-estate business — a business the wife chose because it allowed her to take the daughter with her to work.
I conclude that the trial court was authorized to determine that the husband had already sacrificed during the marriage in order to provide the wife with a source of income. Because the trial court reserved the issue of periodic alimony, the wife can always petition for periodic alimony based on a showing of changed circumstances. As to this issue, I believe this court has impermissibly substituted its *Page 891 
judgment for that of the trial court. See Ex parte Moore,873 So.2d 1161 (Ala. 2003).
PITTMAN, J., concurs.